UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| ANATOLIA TILE & STONE, INC., ) <br> ) <br> PLAINTIFF, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> DEFENDANT. ) <br> ) | COURT NO.: 21-00245 |

## COMPLAINT

Plaintiff, Anatolia Tile & Stone, Inc. (hereinafter "Plaintiff"), by and through its undersigned counsel, alleges and states for its complaint as follows:

## BACKGROUND

1. Plaintiff commenced this action by filing a Summons to challenge the decisions of Defendant U.S. Customs and Border Protection ("CBP") to deny in liquidation, in part or in whole, the claims made by Plaintiff in its protest number 3802-20-101948 and the 41 additional protests listed on the Form 1-3 Schedule of Protests ("Subject Protests"), and the entries associated with each ("Subject Entries").

2. Plaintiff timely filed the Subject Protests with CBP respecting each of the Subject Entries, as indicated on the Form 1-3 Schedule of Protests.

3. Plaintiff's imported goods that are the subject of this action are comprised of various configurations of certain *"non-recycled glass mosaic tiles in a grid on vinyl mesh backing and presented in industry-standard nominal 12" x 12" (~304.8 mm x ~304.8 mm) squares"* classified under HTSUS 7016.10.0000 ("Subject Goods").

4. Absent an eligible exclusion, the Subject Goods are subject to the additional duties imposed

1

pursuant to Section 301 of the Tariff Act of 1930 ("Section 301"), as provided for pursuant to provisions in HTSUS Chapter 99, for any "List 3" goods identified under HTSUS 9903.88.03.

5. The Subject Protests asserted that the Subject Goods were eligible for an available exclusion and, thus, challenged CBP's liquidations denying Plaintiff's claim to use and apply an eligible exclusion from the additional Section 301 duties.

6. In the Subject Protests, Plaintiff claimed the exclusion established by the Office of the United States Trade Representative ("USTR"), in Docket Number USTR-2019-0005-1944 and further codified in HTSUS 9903.88.33, at Line 21 ("the Claimed Section 301 Exclusion"), respecting "Tiles of non-recycled glass on a vinyl mesh backing, in a grid pattern of not less than 304 mm by 304 mm and not exceeding 305 mm by 305 mm, for mosaics or other decorative or construction purposes (described in statistical reporting number 7016.10.0000)." *See* 84 Fed. Reg. 208, Oct. 28, 2019.

7. HTSUS 7016.10.0000 provides for "Glass and other glass smallwares, whether or not on a backing, for mosaics or similar decorative purposes", which describes and includes the Subject Goods.

8. On the dates provided in the Form 1-3 Schedule of Protests, CBP denied the Subject Protests for a lack of sufficient documentation.

9. Plaintiff now challenges CBP's denial of the Subject Protests on the grounds that there is sufficient documentation establishing that the Subject Goods were eligible for the Claimed Section 301 Exclusion from the obligation to pay additional duties pursuant to exclusions to Section 301.

## PARTIES, JURISDICTION AND STANDING

10. Plaintiff is a privately-owned U.S. importer and is the Importer-of-Record and the real party-in-interest respecting the Subject Goods.

11. CBP is charged with the administrative tasks of collecting the additional Section 301 duties respecting List 3 goods and with applying the exclusions granted by the USTR.

12. Plaintiff has standing under 28 U.S.C. § 2631 to prosecute this civil action to contest the denial of the referenced protests filed under Section 514 of the Tariff Act of 1930 (19 U.S.C. § 1514).

13. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a).

14. This Court has personal jurisdiction over the parties hereto.

## TIMELINESS OF THE ACTION

15. Consistent with 19 C.F.R. § 174.31(a), Plaintiff commenced the instant action by filing its Summons within 180 days after CBP mailed its notices of denial.

16. The protest denials that are the subject of this action were mailed and/or uploaded to the Automated Commercial Environment ("ACE") on the dates provided in the Form 1-3 Schedule of Protests.

## STATEMENT OF FACTS

17. The Subject Goods were imported on the Subject Entries and entered into the U.S. with entry dates in December of 2018 and in March of 2019, as provided in the Schedule of Protests, dates in which the Section 301 duties were applicable to List 3 goods.

18. Each of the Subject Entries included the Subject Goods, declared on the CBP Form 7501 as HTSUS 7016.10.0000 goods, and often together with other goods described distinctly on the entry documents from the Subject Goods.

19. Documents submitted in connection with the entries described the Subject Goods as, for

example, "Item 35-023 Amber Tea Glass Slate Linear Blend Mosaics… [Nominal Coverage Size] 12"x12" [US HTS] 7016.10.0000."



20. Plaintiff's Subject Goods are composed of smaller non-recycled glass tiles adhered in a grid on a vinyl mesh backing that are used to make mosaic patterns for decorative or construction purposes.

21. Plaintiff's Subject Goods were ordered, presented, and sold described to be of the industry-standard nominal size of 12" x 12" square, commonly and commercially known to be a nominal size reference for the installed finished size.

22. The Subject Entries were liquidated on the dates and protested on the dates provided in the Schedule of Protests.

23. Plaintiff timely filed the Subject Protests challenging CBP's decision to withhold the Claimed Section 301 Exclusion from the HTSUS Chapter 99 Section 301 duties and to collect and retain those additional duties for the Subject Goods.

24. The Claimed Section 301 Exclusion for the Subject Goods imported on the Subject Entries provided for:

    *Glass Cubes and Other Glass* - glass cubes and other glass smallwares, whether or not on a backing, for mosaics or similar decorative purposes., described in statistical reporting number 7016.10.0000 and excluded from Section 301 duties under 9903.88.33: *See* 84 Fed. Reg. 208, Oct. 28, 2019.

25. The relevant language of HTSUS Heading 7016 is "…other glass smallwares…on a backing, for mosaics…" specified to be declared in "No." (number) of units (*e.g.,* boxes), and subject to an HTSUS Column 1 duty of 2.7%

26. When converted to metric units, 12" (*i.e.*, 12 inches) equals ~304.8 mm, a length between

304 mm and 305 mm.

27. "Nominal size" generally refers to a standardized or "name" size used for identification purposes in various industries, including construction and interior design.

28. For tiles that will have visible grout lines, the nominal size is often just enough larger than the actual or "real" size, to allow for intended grout spacing, so that the installed tiles closely yield the nominal size.

29. A 12" mosaic tile sheet typically contains several individual tiles, the total dimension (including grout spacing) measuring 12" x 12". The actual size of each tile on the sheet can vary widely, depending on the pattern and design of the mosaic. For example, the individual mosaic tiles may be in a 12 column, 12 row grid of square 1" tiles, a 6 column, 6 row grid of square 2" tiles, a 4 column, 4 row grid of square 3" tiles, or similar grids over rectangular tiles, such as a 6 column, 3 row grid of rectangular 2" by 4" tiles, *etc*.

30. The Subject Goods are mosaic tiles, which are smaller tile sizes adhered to a vinyl or other fiber backing to make installation easier and more consistently achieving the nominal size.

31. The Applicant that applied for and obtained the Claimed Section 301 Exclusion from the USTR described goods consistent with the Subject Goods as 12" x 12" squares.

32. Plaintiff has not been allowed the benefit of the Claimed Section 301 Exclusion and has paid additional Section 301 duties respecting the Subject Goods on the Subject Entries.

### STATEMENT OF CLAIMS

33. To the extent not inconsistent herewith, Plaintiff hereby incorporates, repeats and realleges the foregoing paragraphs as if fully set forth herein verbatim.

34. The USTR and CBP should take into account and consider common and commercial meanings and applicable "industry standards" when reviewing products and when interpreting Section 301 exclusions and should not interpret them in a manner that would

render an exclusion to apply to a null set. Accordingly, the metric conversion description of between 304 mm and 305 mm should be interpreted consistent with the 12" x 12" nominal tile size, as the tile's integral features (*e.g.*, the widths of the inter-element grout lines) establish that the installed tiles will yield a finished size of 12", a distance between 304 mm and 305 mm.

35. Treating the metric measurements referenced in the Claimed Section 301 Exclusion as actual size measurements of limitation would render the exclusion to be a null set, as the non-recycled glass mosaic elements attached to a vinyl mesh backing can be easily distorted by more than a mm +/- in either planar dimension.

36. Plaintiff's tiles meet all the descriptive criteria for the Section 301 Exclusion as they are:

    (a) decorative mosaics made from non-recyclable glass materials;

    (b) provided in a grid pattern with a 12" x 12" nominal size;

    (c) on a vinyl mesh backing;

    (d) classifiable under HTSUS 7016.10.000;

    (e) 304.8 mm is the metric equivalent of 12" (to the nearest 0.1 mm); and,

    (f) 304.8 mm is between 304 mm and 305 mm.

37. Plaintiff's Subject Goods are described and embraced by both HTSUS 7016.10.0000 and the Section 301 Exclusion language.

38. Plaintiff's Subject Goods are eligible for the Docket Number USTR-2019-0005-1944, HTSUS 9903.88.33, Section 301 Exclusion.

39. Plaintiff's Subject Protests should have been granted in full, the Subject Entries should have been reliquidated accordingly, and Plaintiff should have, therefore, received refunds of the excess Section 301 duties paid with interest provided by law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment overruling Defendant's protest denials respecting the Subject Goods entered on the Subject Entries and referenced on the Subject Protests and grant Plaintiff's claims for application of exclusions from additional tariffs under Section 301 of the Trade Act of 1930, order reliquidation of the Subject Entries, and award Plaintiff a refund of any such excess duties paid, with interest, and grant such other and further relief as this Court may determine to be just and proper, including reasonable attorneys' fees and costs.

Respectfully submitted this 31st day of May, 2023.

GIVENS & JOHNSTON, PLLC

By: */s/ Scott L. Johnston*

Scott L. Johnston
950 Echo Lane, Suite 360
Houston, Texas 77024
Telephone: (713) 932-1540
sj@gjatradelaw.com

*Counsel to Anatolia Tile & Stone, Inc.*

Dated: May 31, 2023